IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FREDERICK E. MANUEL, <br>     Plaintiff, <br> <br> v. <br> <br> NANCY A. BERRYHILL, *Acting Commissioner of Social Security*, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. 1:18-00254-N |

## MEMORANDUM OPINION AND ORDER

Plaintiff Frederick E. Manuel brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying his applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.* Upon consideration of the parties' briefs (Docs. 15, 16) and those portions of the administrative record (Doc. 13) (hereinafter cited as "(R. [page number(s) in lower-right corner of transcript])") relevant to the issues raised, and with the benefit of oral argument, the Court finds that the Commissioner's final decision is due to be **AFFIRMED** under sentence four of § 405(g).[1]

---

[1] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 19, 20).

## I. *Background*

Manuel filed applications for a period of disability, DIB, and SSI with the Social Security Administration ("SSA") on July 20, 2014. Both applications alleged disability beginning January 12, 2014.[2] After his applications were initially denied, Manuel requested a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review, which was held on February 7, 2017. On May 31, 2017, the ALJ issued an unfavorable decision on Manuel's applications, finding him not disabled under the Social Security Act and thus not entitled to benefits. (*See* R. 50 – 61).

The Commissioner's decision on Manuel's applications became final when the Appeals Council for the Office of Disability Adjudication and Review denied his request for review of the ALJ's decision on April 24, 2018. (R. 1 – 6). Manuel subsequently brought this action under § 405(g) and § 1383(c)(3) for judicial review of the Commissioner's final decision. *See* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title

---

[2] "Title II of the Social Security Act (Act), 49 Stat. 620, as amended, provides for the payment of insurance benefits to persons who have contributed to the program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1)(D) (1982 ed., Supp. III). Title XVI of the Act provides for the payment of disability benefits to indigent persons under the Supplemental Security Income (SSI) program. § 1382(a)." *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). "For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured. 42 U.S.C. § 423(a)(1)(A) (2005). For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file. 20 C.F.R. § 416.202–03 (2005)." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).

to the same extent as the Commissioner's final determinations under section 405 of this title."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II. *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). " 'Even if the evidence preponderates against the [Commissioner]'s

factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The Court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts.").³ "In determining whether substantial evidence exists, [a

---

³ Nevertheless, "[m]aking district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (28 U.S.C. § 2254 habeas proceedings). "[D]istrict court judges are not required to ferret out delectable facts buried in a massive record," *id.*, and " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (Fed. R. Civ. P. 56 motion for summary judgment) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added).

Moreover, the Eleventh Circuit Court of Appeals, whose review of Social Security appeals "is the same as that of the district court[,]" *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam), generally deems waived claims of error not fairly raised in the district court. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115-16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review

court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). *See also McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) ("We are constrained to conclude that the administrative agency here…reached the result that it did by focusing upon one aspect of the evidence and ignoring other parts of the record. In such circumstances we cannot properly find that the administrative decision is supported by substantial evidence. It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole.").

However, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g., Wiggins v. Schweiker*, 679

---

under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Crawford*, 363 F.3d at 1161 (same); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal).

F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting

decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

> Eligibility for DIB and SSI requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2). A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. 2015) (per curiam) (unpublished).[4]

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[5]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*,

---

[4] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

[5] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is

responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

When the ALJ denies benefits and the Appeals Council denies review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. But "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. Nevertheless, "when the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

### III. *Summary of the ALJ's Decision*

At Step One, the ALJ determined that Manuel met the applicable insured status requirements through December 31, 2019. (R. 55). While noting that Manuel may have engaged in substantial gainful activity in April 2014, the ALJ declined to make a finding "as to whether, or for what period, [Manuel] may have engaged in substantial gainful activity after the alleged onset date[,]" instead proceeding to the next step of the sequential evaluation. (R. 55). At Step Two, the

ALJ determined that Manuel had the following severe impairments: osteoarthritis of the knees, lumbar disc disease, and obesity. (R. 55 – 56). At Step Three, the ALJ found that Manuel did not have an impairment or combination of impairments that met or equaled the severity of a specified impairment in the Listing of Impairments. (R. 56).

At Step Four,[6] the ALJ determined that Manuel had the residual functional capacity (RFC) "to perform the full range of sedentary work as defined in 20 CFR

---

[6] At Step Four,

> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).
>
> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.
>
> In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

404.1567(a) and 416.967(a)."[7] (R. 56 – 60). Based on this RFC and the testimony of a vocational expert (VE),[8] the ALJ determined that Manuel was unable to perform any past relevant work. (R. 60). At Step Five, after applying the Medical Vocational Guidelines (often referred to as the "grids"),[9] the ALJ found that there

---

[7] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. These terms are all defined in the regulations … Each classification … has its own set of criteria." *Phillips*, 357 F.3d at 1239 n.4. *See also* 20 C.F.R. §§ 404.1567, 416.967.

[8] "A vocational expert is an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips*, 357 F.3d at 1240.

[9]

> There are two avenues by which the ALJ may determine whether the claimant has the ability to adjust to other work in the national economy. The first is by applying the Medical Vocational Guidelines.
>
> Social Security regulations currently contain a special section called the Medical Vocational Guidelines. 20 C.F.R. pt. 404 subpt. P, app. 2. The Medical Vocational Guidelines ("grids") provide applicants with an alternate path to qualify for disability benefits when their impairments do not meet the requirements of the listed qualifying impairments. The grids provide for adjudicators to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of these factors can independently limit the number of jobs realistically available to an individual. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."
>
> The other means by which the ALJ may determine whether the claimant has the ability to adjust to other work in the national economy is by the use of a vocational expert…When the ALJ uses a vocational expert, the ALJ will pose hypothetical question(s) to the vocational expert to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy.

exist a significant number of jobs in the national economy that Manuel could perform given his RFC, age, education, and work experience. (R. 60 – 61). Thus, the ALJ found that Manuel was not disabled under the Social Security Act. (R. 61).

## IV. *Analysis*

### A.

As Manuel presents it, his first claim of error is that the ALJ was required to obtain VE testimony to support her Step Five determination.[10] The undersigned disagrees.

> The general rule is that after determining the claimant's RFC and ability or inability to return to past relevant work, the ALJ may use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform. However, "[e]xclusive reliance on the grids is not appropriate *either* when [the] claimant is unable to perform a full range of work at a given residual functional level *or* when a claimant has non-exertional impairments that significantly limit basic work skills." *Francis v. Heckler,* 749 F.2d 1562, 1566 (11th Cir. 1985) (emphasis added) (citing *Broz v. Schweiker,* 677 F.2d 1351, 1361 (11th Cir. 1982), *adhered to sub nom. Broz v. Heckler,* 711 F.2d 957 (11th Cir. 1983)); *see also Jones v. Apfel,* 190 F.3d 1224, 1229 (11th Cir. 1999); *Wolfe v. Chater,* 86 F.3d 1072, 1077 (11th Cir. 1996); *Martin v. R.R. Ret. Bd.,* 935 F.2d 230, 234 (11th Cir. 1991); *Walker v. Bowen,* 826 F.2d 996, 1002–03 (11th Cir. 1987); *Sryock v. Heckler,* 764 F.2d 834, 836 (11th Cir. 1985).

*Phillips*, 357 F.3d at 1242. Because the ALJ found that Manuel had the RFC to perform a full range of sedentary work, without any non-exertional impairments,

---

*Phillips*, 357 F.3d at 1239–40.

[10] Manuel incorrectly claims that the "ALJ obtained no vocational expert testimony whatsoever in this case." (Doc. 15 at 3). A VE testified at the ALJ hearing (*see* R. 87 – 89), and the ALJ expressly cited the VE's testimony at Step Four in finding that Manuel could not perform any past relevant work. (*See* R. 60).

the ALJ was entitled to rely solely on the grids at Step Five in finding Manuel not disabled. *See Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) (per curiam) (unpublished) ("Because the ALJ concluded that Baker had the RFC to perform the full range of sedentary work…, the ALJ did not err by relying on the Grids to determine that Baker was not disabled.").

What Manuel actually disagrees with is the ALJ's Step Four RFC determination that he could perform a full range of sedentary work despite acknowledging that Manuel uses a cane for mobility.[11] In particular, Manuel claims that the ALJ failed to follow Social Security Ruling (SSR) 96-9p, which states in relevant part:

> Since most unskilled sedentary work requires only occasional lifting and carrying of light objects such as ledgers and files and a maximum lifting capacity for only 10 pounds, an individual who uses a medically required hand-held assistive device in one hand may still have the ability to perform the minimal lifting and carrying requirements of many sedentary unskilled occupations with the other hand. For example, an individual who must use a hand-held assistive device to aid in walking or standing because of an impairment that affects one lower extremity (e.g., an unstable knee), or to reduce pain when walking, who is limited to sedentary work because of the impairment affecting the lower extremity, and who has no other functional limitations or restrictions may still have the ability to make an adjustment to sedentary work that exists in significant numbers. On the other hand, the occupational base for an individual who must use such a device for balance because of significant involvement of both

---

[11] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

> lower extremities (e.g., because of a neurological impairment) may be significantly eroded.
>
> In these situations, too, it may be especially useful to consult a vocational resource in order to make a judgment regarding the individual's ability to make an adjustment to other work.

SSR 96-9p, 1996 WL 374185, at * 7 (July 2, 1996) (footnote omitted).

The undersigned observes that SSR 96-9p does not mandate the use of VE testimony in order to determine the effects of cane use on a claimant's ability to perform sedentary work, but merely suggests that VE testimony "may be…useful" to make such a determination. Moreover, the ALJ gave adequate reasons, supported by substantial evidence, for determining that Manuel's use of a cane did not prevent him from performing a full range of sedentary work.

The ALJ acknowledged evidence of Manuel's knee pain, finding the "record supports a finding of osteoarthritis of the knees as a severe impairment" and that it "limits [Manuel] to sedentary work." (*See* R. 57 – 58). Nevertheless, the ALJ explained in detail, with citations to the record, why Manuel's "normal bilateral knee stability, good strength on his left knee, and only mild weakness in his left knee allows him to perform the full range of sedentary work." (*See* R. 58 – 59). Among other evidence, the ALJ cited a medical opinion[12] from October 21, 2014,

---

[12] " 'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.' " *Winschel*, 631 F.3d at 1178-79 (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). "There are three tiers of medical opinion sources: (1) treating physicians; (2) nontreating, examining physicians; and (3) nontreating, nonexamining physicians." *Himes v. Comm'r of*

noting that, while Manuel "was still recovering from knee surgery, he would be able to perform job duties once healed." (R. 59). The ALJ also found that the "objective and clinical evidence does not support" Manuel's subjective testimony of limited mobility (R. 57), a credibility finding Manuel fails to contest. *See Moore*, 405 F.3d at 1212 ("[C]redibility determinations are the province of the ALJ.").

Manuel largely fails to address the evidence discussed by the ALJ in reaching her conclusion. In claiming that the ALJ should have found additional limitations in Manuel's ability to stand and walk, Manuel relies primarily on records from his treating physician, citing a note from a May 13, 2016 visit in which the treating physician states that Manuel "is unable to work, gain meaningful employment,…is even having problems with just regular activities of daily living[,] is limited in what he is able to do[, and] is not able to work because of his knees." (R. 463). However, the ALJ gave the treating physician's opinions "little weight" (R. 59), a determination which Manuel fails to acknowledge or contest. As the ALJ correctly noted, most of the treating physician's opinions consist of general statements that Manuel is unable to work, which are issues reserved to the Commissioner that do not merit "any special significance." *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). The ALJ also found that "the whole of the evidence suggests [the treating physician] may have been referring to ability to perform [Manuel's] past work, given that the evidence does not support inability to perform sedentary work" (R. 59) – in other words, that the record evidence as a whole did not support the treating physician's

---

*Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (per curiam) (unpublished) (citing 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2)).

opinions to the extent they limited Manuel to less than a full range of sedentary work.

Manuel also claims that evidence of lumbar disease supports additional standing and walking limitations. However, "the mere existence of these impairments does not reveal the extent to which they limit h[is] ability to work or undermine the ALJ's determination in that regard." *Moore*, 405 F.3d at 1213 n.6. The ALJ expressly discussed evidence of Manuel's lumbar issues but found that they too did not reduce Manuel's ability to perform sedentary work, noting a physician's observation in an October 21, 2014 examination note "that while surgery would not improve [Manuel's] pain, his degenerative disc disease is not debilitating." (R. 58 – 59). Manuel fails to address the ALJ's reasoning in this regard.[13]

Manuel has shown no error in the ALJ's failure to obtain VE testimony regarding the impact of Manuel's use of a cane on his ability to perform sedentary work. Accordingly, Manuel's first claim of error is **OVERRULED**.

**B.**

In his final claim of error, Manuel argues that the ALJ failed to discuss his diagnosis of lumbar radiculopathy and how it would affect Manuel's ability to perform work-related functions. The undersigned disagrees. As noted previously, the ALJ discussed evidence of Manuel's lumbar issues but determined that they did

---

[13] Manuel's arguments in support of his first claim of error are substantially similar to those raised and rejected in *Baker*, 384 F. App'x at 895-96, and the Court finds the reasoning of that opinion persuasive in rejecting Manuel's arguments here.

not impact his ability to perform sedentary work. (*See* R. 58 – 59). Manuel fails to address the ALJ's reasoning on this point, nor has he cited any particular record evidence he claims the ALJ ignored.[14] Even assuming as true Manuel's claim that the record could reasonably support "other postural limitations secondary to his inability to ambulate effectively without an assistive device" (Doc. 15 at 6), the ALJ's finding of no other postural limitations is also a reasonable view of the record, and this Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Winschel*, 631 F.3d at 1178 . *See also Ingram*, 496 F.3d at 1260 ("Even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision reached is supported by substantial evidence." (quotation omitted); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam) ("The court need not determine whether it would have reached a different result based upon the record."); *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.")

---

[14] Manuel also claims, in general terms, that the ALJ failed to perform the function-by-function assessment required by SSR 96-8p in assessing the RFC. However, as the undersigned has previously noted, "the Eleventh Circuit has repeatedly rejected similar claims that an ALJ's failure to perform an explicit function-by-function assessment under SSR 96-8p is an error of law mandating reversal, so long as the ALJ's decision sufficiently indicates that he or she considered all relevant evidence in arriving at an RFC determination." *Stokes v. Colvin*, No. CV 14-00559-N, 2016 WL 311295, at *7 (S.D. Ala. Jan. 26, 2016) (citing cases). *See also Chiappini v. Comm'r of Soc. Sec.*, 737 F. App'x 525, 528-29 (11th Cir. 2018) (per curiam) (unpublished) (rejecting claim that the ALJ failed to apply a function-by-function assessment as required by SSR 96-8p when decision showed ALJ adequately evaluated the evidence).

Accordingly, Manuel's final claim of reversible error is **OVERRULED**. There being no other claims of error raised, the Court finds that the Commissioner's final decision denying Manuel benefits is therefore due to be **AFFIRMED**.

## V.   *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's final decision denying Manuel's July 20, 2014 applications for a period of disability, DIB, and SSI is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

Final judgment shall issue separately in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 15th day of May 2019.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**